**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **John Lewis Johnson, Sr.** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | **Dorothea Elaine Long Johnson** |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** |
| Case number: | 19-60320 |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

---

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

---

**2.1**   Debtor(s) will make regular payments to the trustee as follows:

**$965** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*

☐   Debtor(s) will make payments pursuant to a payroll deduction order.
☒   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

☒   Debtor(s) will retain any income tax refunds received during the plan term.

---

Debtor  **John Lewis Johnson, Sr.**
**Dorothea Elaine Long Johnson**                    Case number _____

☐  Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐  Debtor(s) will treat income refunds as follows:

_____

**2.4 Additional payments.**
*Check one.*
☒  **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**  The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**57,900.00**.

| ▌ ■ **Treatment of Secured Claims** |

**3.1**  **Maintenance of payments and cure of default, if any.**

*Check one.*
☒  **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☒  **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐  **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☒  The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| B&E Motors | **2010 Chevy Aveo 130,000 miles Location: 13325 Raccoon Ford Road, Culpeper VA 22701 Purchase price value** | $4,339.00 | 6.25% | **$88.18 for 57 months and $50/mo. for 3 months for AP payments** Disbursed by: ☒ Trustee ☐ Debtor(s) | $5,176.08 |
| B&E Motors | **2005 Jeep Liberty 145,000 miles Location: 13325 Raccoon Ford Road, Culpeper VA 22701 Purchase price value** | $5,297.00 | 6.25% | **$107.65 for 57 months and $70/mo. for 3 months for AP payments** Disbursed by: ☒ Trustee ☐ Debtor(s) | $6,345.75 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **John Lewis Johnson, Sr.**
**Dorothea Elaine Long Johnson**    Case number _____

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Culpeper County Treasurer** | **13325 Raccoon Ford Road Culpeper, VA 22701  Culpeper County** <br> TAV | **$4,500.00** | **10.00%** | **$95.61 for 60 months** <br> Disbursed by: <br> ☒ Trustee <br> ☐ Debtor(s) | **$5,736.60** |
| **Culpeper County Treasurer** | PPT | **$1,200.00** | **10.00%** | **$25.50 for 60 months** <br> Disbursed by: <br> ☒ Trustee <br> ☐ Debtor(s) | **$1,529.78** |

*Insert additional claims as needed.*

**3.4     Lien avoidance.**

*Check one.*

☒     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5     Surrender of collateral.**

*Check one.*

☐     **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☒     The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Go Financial-See paragraph 8.1B | **2006 Mercury Mountaineer 140000 miles** <br> Not running.  Debtor value. |
| Hillside Motors, Inc.-See paragraph 8.1B | **2005 Jeep Cherokee 120000 miles** <br> Purchase price value. |

*Insert additional claims as needed.*

**Part 4:     Treatment of Fees and Priority Claims**

**4.1     General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2     Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**5,790.00**.

**4.3     Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00-See paragraph 8.1A**.

**4.4     Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐     **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☒     The debtor(s) estimate the total amount of other priority claims to be $**2.00 (IRS and Va. Dept. Tax)**

**4.5     Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

Official Form 113    Chapter 13 Plan    Page 3

Debtor  **John Lewis Johnson, Sr.**          Case number _____
        **Dorothea Elaine Long Johnson**

*Check one.*
☒   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:   Treatment of Nonpriority Unsecured Claims**

5.1     **Nonpriority unsecured claims not separately classified.**

        Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐   The sum of $ _____ .
☒   __4.00__ % of the total amount of these claims, an estimated payment of $ __2,145.41__ .
☐   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

        If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims of husband would be paid approximately $60,000.00 and nonpriority claims of wife would be paid approximately $0.00.   Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2     **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒   **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3     **Other separately classified nonpriority unsecured claims.** *Check one.*

☐   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
☒   The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| Aaron's Inc., | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| AT&T Mobility | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| Debt Recovery Solution | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| First Premier Bank | Ch. 7 test - equity in RE | $552.00 | 0.00% | $552.00 |
| George N. Stergis, MD | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| Jefferson Capital Systems LLC | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| John H. Johnson | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| Mabt/contfin | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| North American Credit Services | Ch. 7 test - equity in RE | $652.00 | 0.00% | $652.00 |
| North American Credit Services | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| North American Credit Services | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| Onemain Financial/Citifinancial | Ch. 7 test - equity in RE | $8,057.00 | 0.00% | $8,057.00 |
| Payne's Check Cashing | Ch. 7 test - equity in RE | $1,131.00 | 0.00% | $1,131.00 |
| Progressive Leasing | Ch. 7 test - equity in RE | $417.00 | 0.00% | $417.00 |
| Rappahannock-Rapidan Community | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| Union Bank & Trust | Ch. 7 test - equity in RE | $2,020.00 | 0.00% | $2,020.00 |
| UVA Culpeper Hospital | Ch. 7 test - equity in RE | $13,037.00 | 0.00% | $13,037.00 |
| UVA Culpeper Hospital | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| UVA Physicians Group | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |
| Verizon | Ch. 7 test - equity in RE | $1,295.00 | 0.00% | $1,295.00 |
| Westlake Fin. Srvs. | Ch. 7 test - equity in RE | $1.00 | 0.00% | $1.00 |

*Insert additional claims as needed.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                            Best Case Bankruptcy

| Debtor | **John Lewis Johnson, Sr.** | Case number | |
|---|---|---|---|
| | **Dorothea Elaine Long Johnson** | | |

---

**Part 6:** **Executory Contracts and Unexpired Leases**

6.1     The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory
contracts and unexpired leases are rejected. *Check one.*

☒     **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

**Part 7:** **Vesting of Property of the Estate**

7.1     **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☒     plan confirmation.
☐     entry of discharge.
☐     other: _____

---

**Part 8:** **Nonstandard Plan Provisions**

8.1     **Check "None" or List Nonstandard Plan Provisions**
☐     **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**A. Attorney's Fees.** Attorney's Fees noted in Paragraph 4.3 shall be approved on the confirmation date unless previously
objected to.  Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by
the Trustee under Paragraphs 3.1, 3.4, 4.4, 5.1, 5.2, 5.3, and 6.1 herein, except that attorney's fees shall be paid pro rata with
any distribution to domestic support order claimants under paragraph 4.5. Debtor(s)' attorney will be paid $4,000.00 balance
due of the total fee of $4,000.00 concurrently with or prior to the payments to remaining creditors.  The $4,000.00 in Debtor(s)'
attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
(i)  $4,000.00: Fees to be approved, or already approved, by the Court at initial plan confirmation;
(ii) $ _____:  Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in
a previously confirmed modified plan [ECF #     : $     ; ECF #     : $      ];
(iii) $ _____: Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this
plan is confirmed.
**B.  Deficiency Claims for Surrendered Property.**  Any unsecured proof of claim for a deficiency which results from the
surrender and liquidation of the collateral noted in paragraph 3.5 of this plan must be filed by the earlier of the following dates
or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which
provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as
established by any order granting relief from the automatic say with respect to said collateral.  Said unsecured proof of claim
for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and
the proceeds applied, in accordance with applicable state law.
**C.  Treatment of Claims.** All creditors must timely file a proof of claim to receive payment from the Trustee.  If a claim is
scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation
of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan.  This paragraph does not
limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s)
receive a discharge.  If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is
unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.  The Trustee may adjust the
monthly disbursement as needed to pay an allowed secured claim in full.

---

| Debtor | **John Lewis Johnson, Sr.** | Case number | |
| | **Dorothea Elaine Long Johnson** | | |

## Part 9:    Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X _____    X _____
**John Lewis Johnson, Sr.**    **Dorothea Elaine Long Johnson**
Signature of Debtor 1    Signature of Debtor 2

Executed on    **February 12, 2019**    Executed on    **February 12, 2019**

X _____    Date    **February 12, 2019**
**Marshall M. Slayton VSB#37362**
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **John Lewis Johnson, Sr.** | Case number | |
| | **Dorothea Elaine Long Johnson** | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$18,788.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$9,792.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$2,146.00** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$27,174.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*                          + | **$0.00** |
| | **Total of lines a through j** | **$57,900.00** |